IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR SANCHEZ on behalf of himself and all other plaintiffs similarly situated, <br>       Plaintiffs, <br><br> v. <br><br> GOLD STANDARD ENTERPRISES, INC. d/b/a Binny's Beverage Depot <br>       Defendant. | ) ) ) ) ) ) ) ) ) ) )     Case No. |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Victor Sanchez ("Victor" or "Plaintiff") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Class and Collective Action Complaint against Defendant Gold Standard Enterprises, Inc. d/b/a Binny's Beverage Depot. ("Defendant") states as follows:

### Nature of the Action

1. The COVID-19 Pandemic caused great risk and alarm to retail workers throughout the United States and, in particular, to Defendant's employees.

2. Despite these dangerous work conditions, Defendant still needed its workers to show up to work at its retail liquor stores to stock shelves and assist customers. As a result, during the Pandemic, it promised its work force additional compensation (referred to herein as "Covid Pay") to work through the Pandemic. This compensation was well-deserved: these workers were literally risking their lives by potentially contracting Covid-19.

3. The law required that when Defendant's workers received the Covid Pay their overtime rate should have increased because the Covid Pay should have factored it into the so-called "regular rate" of pay. However, Defendant did not factor the Covid Pay into the overtime

rate and, therefore, substantially underpaid its workforce when they worked overtime while risking their lives.

4. As a result, this civil action is brought by the above-named plaintiff who brings this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

### Parties

5. Plaintiff worked as an hourly employee for Defendant at its Skokie, Illinois location.

6. Defendant Gold Standard Enterprises, Inc. does business as Binny's Beverage Depot and consists of 45 retail locations in Illinois. Defendant purports to be the Midwest's largest retailer of wine, spirits, beer and cigars.

7. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). During the last three years, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

8. Defendant was the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

9. Defendant was the Plaintiff's "employer" as defined by the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1;. 820 ILCS 105/3(c)

10. Plaintiff was Defendant's "employees" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

11. Plaintiff was Defendant's "employees" as that term is defined by the IMWL. 820 ILCS 105/3(d)

## Jurisdiction and Venue

12. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

13. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

14. Plaintiff worked for Defendant within the past three years.

15. To incentivize employees to work during the Covid-19 pandemic, Defendant paid Plaintiff and other employees an additional premium rates of pay ("Covid Pay"). For instance, their company policy states:

> **Compensation**
> - March 15th-July 4th : All hourly store Associates received 1.5X for all hours worked.
> - July 5th-Jan 2nd : All hourly employees will be paid an additional $2/hour on top of their standard hourly rate
> - Additional bonuses were or will be paid to salaried Managers in recognition of their performance during these challenging times

16. However, Defendant calculated employee overtime rates based on only the employees' base rate of pay and does not capture all necessary compensation required, including this additional Covid Pay. The FLSA and IMWL require overtime wages of one and one-half times employee's "regular rate" of pay, not the base rate for all overtime hours.

17. The extra $2/hour was called "Temp Bonus Pay" it should have been included when calculating Plaintiff and other employees' regular rate of pay.

18. The regular rate is computed by dividing an employee's total compensation in the workweek by the total hour worked in the workweek and the regular rate includes all renumeration for employment paid to, or on behalf of, the employee.

19. Defendant failed to include the "Temp Bonus Pay" when calculating Plaintiff and other employee's overtime rates

20. This failure results in Plaintiff and others similarly situated being deprived of their full overtime wages.

21. The Department of Labor has opined that hazard pay, such as that paid by the Defendants, must be included in the overtime regular rate of pay. In its Pandemic guidance, it explains as follows under Questions and Answers:

Q. "I am an employee of a private employer that began paying me incentive payments, such as hazard pay, for working during the COVID-19 pandemic. Do those incentive payments have to be included in the regular rate that is used to compute my overtime pay?"

A. "Yes, payments your employer provides you to perform work constitute compensation for employment that must be included in the regular rate, subject to eight exclusions described in section 7(e) of the FLSA. None of those exclusions apply to the incentive payments described above."

22. By way of example: on the pay period ending 1/21/2020, Plaintiff worked 80.25 hours, .25 of which was overtime. He was paid at $16.00 per hour and also received $2.00 per hour in "Temp Bonus Pay" for all time worked. However, he only received overtime pay at the rate of $24.00 per hour, instead of $27.00 per hour. This results in an underpayment of overtime.

23. The named Plaintiffs, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

4

24. Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of themselves and all other non-exempt employees who were not fully compensated for overtime hours worked.

25. Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all were not correctly paid for all hours worked over forty in a work week at the required overtime rate of one and one-half times their regular rate of pay and had such rights undermined and neglected by Defendant's unlawful practices and policies.

26. Defendant has encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

27. Defendant has known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

28. There are estimated to be dozens of other current and former employees within the asserted collective and class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

29. The records, if any, should be in the custody or control of Defendant's concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

30. Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

### COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiff Individually and on Behalf of All Similarly Situated Employees Pursuant to 29 U.S.C. §216 against Defendants)**

31. The Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30 of this Complaint as is fully set forth herein.

32. Under the FLSA, Plaintiff and the Collective were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

33. The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

34. Defendant failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

35. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

36. Due to Defendant's violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A. A declaratory judgement that Defendant violated the wage provisions of the FLSA as to the Plaintiff and similarly situated employees;

B. A declaratory judgment that Defendant's violations of the FLSA was willful;

B. Unpaid compensation;

B. An additional amount equal as liquidated damages;

C. Prejudgment interest;

D. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT II - ILLINOIS MINIMUM WAGE LAW
**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23 against Defendants)**

37. Plaintiff hereby allege and incorporate Paragraph 1 through 36 of this Complaint, as is fully set forth herein.

38. This count arises from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

39. Under the IMWL, Defendant was and remains obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

40. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but were not compensated at the required one and one-half times their regular rate for such overtime work.

7

41. By failing to pay overtime compensation due to Plaintiff, Defendant willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

42. As a result of Defendant's policy and practices, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

    A. A Declaratory Judgement that Defendant violated the wage provisions of the IMWL as to the Plaintiffs and similarly situated employees;

    B. A declaratory judgement that Defendant's violations of the IMWL were willful;

    C. Unpaid compensation;

    D. A judgment of punitive damages, including treble damages and statutory interest of 5% per month, as provided by IMWL;

    E. A judgement of reasonable attorney's fees and costs incurred in filing this action; and

    F. Such other and further relief as this Court deems appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated: June 14, 2021                           Respectfully Submitted,

By: /s/ John Kunze
One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
Seth Matus
THE FISH LAW FIRM P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
(fax) (630)778-0400