**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VICTOR SANCHEZ on behalf of himself and all other plaintiffs similarly situated,<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>GOLD STANDARD ENTERPRISES, INC. d/b/a Binny's Beverage Depot<br>　　　　Defendant. | )<br>)<br>)<br>)<br>) Case No. 21-cv-03349<br>)<br>)<br>)<br>)<br>) |

**<u>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE</u>**

The above-captioned matter (the "Action") having come before the Court on Plaintiff's Unopposed Motion For Final Approval of Class Action Settlement, Attorney's Fees, Costs, and Incentive Awards the terms of which are set forth in the Settlement Agreement between Plaintiffs Victor Sanchez ("Plaintiff") and Gold Standard Enterprises, Inc. ("Defendants") (collectively referred to as the "Parties") having been advised in the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on June 1, 2022 hereby orders:

　　　　1.　　Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

　　　　2.　　This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all FLSA and Illinois Settlement Class Members.

　　　　3.　　On March 24, 2022, this Court preliminarily approved the Settlement Agreement.

　　　　4.　　Notice to the Settlement Class has been provided to the fullest extent reasonably possible in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct notice through the U.S. Mail, which

provided the best practicable notice under the circumstances and was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of Federal Rule of Civil Procedure 23, 29 U.S.C. §216(b) and due process.

5. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues and is supported by the Named Plaintiffs and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. Based upon Fish Potter Bolaños, P.C.'s experience in litigating class actions, including claims under the Fair Labor Standards Act and Illinois Minimum Wage Law, Class Counsel's appointment is confirmed.

6. The Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class in light of complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal.

7. The Settlement consideration constitutes fair value given in exchange for the Released Claims against the Releasees. The Court finds the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses available in the Action and potential risks and likelihood of success of alternatively pursing litigation on the merits.

8. No Settlement Class Member has objected to any of the terms of the Settlement Agreement. Only 1 person, Parker DeMoss, has requested exclusion from the Settlement.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

9. The Settlement Agreement is finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class. The Parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and those Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

10. The Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

11. Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

12. Upon the Effective Date of the Settlement Agreement, Plaintiffs, Settlement Class Members by operation of this Final Judgement shall be fully bound by the release set forth in the Parties' Settlement Agreement and are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any released claim under the Parties' Settlement Agreement. Settlement Class Members who sign and cash their Settlement Award check shall have joined the FLSA collective and shall be fully bound by the FLSA release set forth in the Parties' Settlement Agreement and on the Consents.

13. Parker DeMoss shall be excluded from the Settlement Class.

14. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing

documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Judgement; and (ii) do not limit the rights of the Settlement Class Members.

15. The Court awards to Class Counsel $73,539.00 as a fair and reasonable attorneys' fee, which shall include all attorneys' fees associated with the Action. In addition, Class Counsel shall receive reimbursement of costs in the amount of $420.00 associated with the Action. These amounts shall be paid out of the Gross Settlement Fund as called for in the Parties' Settlement Agreement.

16. The Court awards to the Named Plaintiff a service award of $7,500 each for his time and effort serving the Settlement Class in this Action. This amount shall be paid from the Gross Settlement Fund pursuant to the terms of the Settlement Agreement.

17. The Court approves the payment of the fees and expenses incurred by the Claims Administrator as approved by Class Counsel. This amount shall be paid from the Gross Settlement Fund pursuant to the terms of the Settlement Agreement.

18. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and or any other necessary purpose.

19. Pursuant to the Settlement Agreement the signed check consents of FLSA collective members shall be filed with the Court within 200 days of the issuance of the Settlement Payments.

20. This Action is dismissed with prejudice.

**IT IS ORDERED**.

Dated: June 1, 2022

                                                      /s/
                                        Joan B. Gottschall
                                        United States District Judge